## IN THE UNITED STATES DISTRICT COURT FOR THE
## DISTRICT OF COLUMBIA

| | |
|---|---|
| **CAROLYN PRESTON** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | ) |
| | ) **Civil No. 1:17–CV-01517-TFH** |
| **SAFEWAY, INC.** | ) |
| | ) |
| **Defendant.** | ) |
| | ) |

### JOINT REPORT PURSUANT TO LCvR 16.3

Plaintiff Carolyn Preston and Defendants, Safeway, Inc. and City Vista (E&A), LLC, by and through their respective counsel, pursuant to LCvR 16.3, provide the following report:

**1. Whether the case is likely to be disposed of by dispositive motion; and whether, if a dispositive motion has already been filed, the parties should recommend to the court that discovery or other matters should await a decision on the motion.**

There are no dispositive motions currently pending before the Court. As suit was recently filed and discovery has just commenced, the Parties do not have sufficient information to determine whether the case is likely to be disposed of by dispositive motion.

**2. The date by which any other parties shall be joined or the pleadings amended, and whether some or all the factual and legal issues can be agreed upon or narrowed.**

The Parties propose that the deadline to join all necessary parties and/or to amend the pleadings be set for November 17, 2017. The Parties refer the Court to the Proposed Scheduling Order attached as Exhibit 1.

The Parties are unable to agree on any factual and/or legal issues at this time.

**3. Whether the case should be assigned to a magistrate judge for all purposes, including trial.**

The Parties do not consent to the assignment of a magistrate judge at this time.

**4. Whether there is a realistic possibility of settling the case.**

The Parties do not yet have sufficient information to determine whether there is a realistic possibility of settling the case.  The Parties believe that any settlement discussions will only be productive after some discovery is conducted.

**5. Whether the case could benefit from the Court's alternative dispute resolution (ADR) procedures (or some other form of ADR); what related steps should be taken to facilitate such ADR; and whether counsel have discussed ADR and their response to this provision with their clients.**

The Parties do not yet have sufficient information to determine whether this case could benefit from the Court's ADR procedures.  However, the Parties believe that the possibility of ADR should be revisited following the close of discovery.

**6. Whether the case can be resolved by summary judgment or motion to dismiss; dates for filing dispositive motions and/or cross-claims, oppositions, and replies; and proposed dates for a decision on the motions.**

Plaintiff does not believe that this case can properly be resolved on summary judgment or motion to dismiss.  Defendant does not yet have sufficient information to determine whether this case could be resolved by summary judgment. The Parties refer the Court to the Proposed Scheduling Order attached as Exhibit 1.

**7. Whether the parties should stipulate to dispense with the initial disclosures required by Rule 26(a)(1), F.R.Civ.P., and if not, what if any changes should be made in the scope, form or timing of those disclosures.**

The Parties do not stipulate to dispense with initial disclosures required by Rule 26(a)(1) of the Federal Rules of Civil Procedure.

2

8. **The anticipated extent of discovery, how long discovery should take, what limits, should be placed on discovery, whether a protective order is appropriate; and a date for the completion of all discovery, including answers to interrogatories, document production, requests for admission and depositions.**

The Parties agree that each Party is limited to a maximum of 40 interrogatories, not including subparts. The remainder of discovery will proceed according to the Rules. The Parties refer to the Proposed Scheduling Order attached as Exhibit 1.

9. **Whether the requirement of exchange of expert witness reports and information pursuant to Rule 26(a)(2), F.R.Civ.P., should be modified, and whether and when depositions of experts should occur.**

The Parties agree that the exchange of expert witness reports and information should proceed pursuant to Rule 26(a)(2) of the Federal Rules of Civil Procedure and refer the Court to the Proposed Scheduling Order attached as Exhibit 1.

10. **In class actions, appropriate procedures for dealing with Rule 23, F.R.Civ.P. proceedings, including the need for discovery and the timing thereof, dates for filing a Rule 23 motion, and opposition and reply, and for oral argument and/or an evidentiary hearing on the motion and a proposed date for decision.**

This provision is not applicable.

11. **Whether the trial and/or discovery should be bifurcated or managed in phases, and a specific proposal for such bifurcation.**

The Parties do not feel that this matter needs to be bifurcated or managed in phases.

12. **The date for the pretrial conference (understanding that a trial will take place 30 to 60 days thereafter).**

The Parties propose that the pretrial conference be scheduled following the conclusion of discovery and disposition of any summary judgment motions filed and refer the Court to the Proposed Scheduling Order attached as Exhibit 1.

**13. Whether the Court should set a firm trial date at the first scheduling conference or should provide that a trial date will be set at the pretrial conference from 30 to 60 days after that conference.**

The Parties request that the Court set a trial date at the pretrial conference and refer the Court to the Proposed Scheduling Order attached as Exhibit 1.

**14. Such other matters that the parties believe may be appropriate for inclusion in a scheduling order.**

Nothing.

Respectfully submitted,

_____/s/ Hughie D. Hunt_____
Hughie D. Hunt, Esq.
Kemet Hunt Law Group, Inc.
5000 Sunnyside Avenue, Suite 101
Beltsville, MD 20705
Telephone: (301) 982-0888
*Counsel for Plaintiff*

_____/s/ Walter S. Boone, III_____
Walter S. Boone, III, Esquire
14200 Park Meadow Drive, Suite 310N
Chantilly, VA 20151
Telephone: (571) 287-6560
wsboone@travelers.com
*Counsel for Co-Defendant City Vista, LLC*

4

_____/s/ Matthew H. Johnson_____

Justin M. Cuniff (Bar #499196)
Matthew H. Johnson (Bar # 502942)
BONNER KIERNAN TREBACH & CROCIATA, LLP
1233 20th Street, N.W., 8th Floor
Washington, D.C. 20036
Tel: (202) 712-7000
jcuniff@bonnerkiernan.com
mjohnsont@bonnerkiernan.com
*Attorney for Defendant Safeway, Inc.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing was served by first class mail and PACER on this 10th day of October, 2017 upon:

Hughie D. Hunt, Esq.
Kemet Hunt Law Group, Inc.
5000 Sunnyside Avenue, Suite 101
Beltsville, MD 20705
Telephone: (301) 982-0888
*Counsel for Plaintiff*

Walter S. Boone, III, Esquire
14200 Park Meadow Drive, Suite 310N
Chantilly, VA 20151
Telephone: (571) 287-6560
wsboone@travelers.com
*Counsel for Co-Defendant City Vista, LLC*

/s/ Matthew H. Johnson_____
Matthew H. Johnson

5

**IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **CAROLYN PRESTON** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | **Civil No.   1:17–CV-01517-TFH** |
| **SAFEWAY, INC.** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

**<u>ORDER</u>**

Upon consideration of the Joint Report Pursuant to LCvR 16.3, it is this ___ day of

October 2017, by the United States District Court for the District of Columbia,

ORDERED, that the following discovery schedule be incorporated into the Court's

Scheduling Order:

| | |
|---|---|
| Deadline for Counsel to Meet, Confer and file LCvR 16.3 Joint Report | October 10, 2017 |
| Initial Scheduling Conference | October 17, 2017 – 11:00 am |
| Commencement of Discovery | October 17, 2017 |
| Rule 26(a)(1)(A) Initial Disclosures | November 1, 2017 |
| Deadline to Join Necessary Parties | November 17, 2017 |
| Plaintiff's Rule 26(a)(2) Expert Disclosures | January 19, 2018 |
| Defendant's Rule 26(a)(2) Expert Disclosures | March 19, 2018 |

| | |
|---|---|
| Plaintiff's Rebuttal Rule 26(a)(2) Expert Disclosures | April 19, 2018 |
| Defendant's Rule 26(e)(2) Supplementation of Disclosures and Responses | April 30, 2018 |
| Discovery Deadline | June 19, 2018 |
| Dispositive Motions Deadline | July 10, 2018 |
| Opposition Deadline | July 24, 2018 |
| Reply Deadline | July 31, 2018. |
| Pretrial Conference | Set after Ruling on Dispositive Motions |
| Trial to Commence | Set at the Pretrial Conference |

_____

Thomas F. Hogan
United States District Judge