# IN THE UNITED STATES DISTRICT COURT FOR THE
# DISTRICT OF COLUMBIA

| | |
|---|---|
| **CAROLYN PRESTON** | : |
| | : |
| **Plaintiff,** | : |
| | : |
| v. | :   Case No. 1:17–CV-01517-TFH |
| | : |
| **SAFEWAY, INC.,**   et al. | : |
| | : |
| **Defendants.** | : |

## DEFENDANT SAFEWAY, INC.'S
## ANSWER TO THE AMENDED COMPLAINT

Defendant, Safeway, Inc., (incorrectly named as Safeway Stores, Inc. in the Complaint ("Defendant") by and through its undersigned attorneys, Bonner Kiernan Trebach & Crociata, LLP, files its Answer to the Amended Complaint.

## ANSWER

In specific answer to the enumerated paragraphs of the Amended Complaint, Defendant states as follows:

1.      Paragraph 1 contains legal conclusions and/or opinions to which no response is required. To the extent that a response is required, Defendant denies the allegations contained in Paragraph 1 and demands strict proof thereof.

2.      Based upon information and belief, Defendant denies the allegations in Paragraph 2.

3.      Paragraph 3 contains legal conclusions and/or opinions to which no response is required. To the extent that a response is required, Defendant denies the allegations contained in Paragraph 3 and demands strict proof thereof.

4.      Paragraph 4 contains legal conclusions and/or opinions to which no response is

required. To the extent that a response is required, Defendant denies the allegations contained in Paragraph 4 and demands strict proof thereof.

5. Defendant is without sufficient knowledge or information to form a belief as to the truth or accuracy of the allegations in Paragraph 5, denies the same and demands strict proof thereof.

6. Defendant is without sufficient knowledge or information to form a belief as to the truth or accuracy of the allegations in Paragraph 6, denies the same and demands strict proof thereof.

7. Defendant is without sufficient knowledge or information to form a belief as to the truth or accuracy of the allegations in Paragraph 7, denies the same and demands strict proof thereof.

8. Defendant denies the allegations in Paragraph 8.

9. Paragraph 9 contains legal conclusions and/or opinions to which no response is required. To the extent that a response is required, Defendant admits that there is a garage attached to the Safeway Store in question. Defendant denies the remainder of the factual allegations contained in Paragraph 9 and demands strict proof thereof.

10. Paragraph 10 contains legal conclusions and/or opinions to which no response is required. To the extent that a response is required, Defendant admits that customers enter the Safeway Store in question and other businesses from the sidewalk near the intersection of 5th St. and K St., NW, Washington D.C. Defendant denies the remainder of the factual allegations contained in Paragraph 10 and demands strict proof thereof.

11. Defendant is without sufficient knowledge or information to form a belief as to the truth or accuracy of the allegations in Paragraph 11, denies the same and demands strict proof thereof.

12. Paragraph 12 contains legal conclusions and/or opinions to which no response is required. To the extent that a response is required, Defendant denies the allegations contained in Paragraph 12 and demands strict proof thereof.

13. Paragraph 13 contains legal conclusions and/or opinions to which no response is required. To the extent that a response is required, Defendant denies the allegations contained in Paragraph 13 and demands strict proof thereof.

14. Defendant is without sufficient knowledge or information to form a belief as to the truth or accuracy of the allegations in Paragraph 14, denies the same and demands strict proof thereof.

15. Defendant is without sufficient knowledge or information to form a belief as to the truth or accuracy of the allegations in Paragraph 15, denies the same and demands strict proof thereof.

16. Defendant is without sufficient knowledge or information to form a belief as to the truth or accuracy of the allegations in Paragraph 16, denies the same and demands strict proof thereof.

17. Paragraph 17 contains legal conclusions and/or opinions to which no response is required. To the extent that a response is required, Defendant denies the allegations contained in Paragraph 17 and demands strict proof thereof.

18. Paragraph 18 contains legal conclusions and/or opinions to which no response is required. To the extent that a response is required, Defendant denies the allegations contained in Paragraph 18 and demands strict proof thereof.

19. Paragraph 19 contains legal conclusions and/or opinions to which no response is required. To the extent that a response is required, Defendant denies the allegations contained in Paragraph 19 and demands strict proof thereof.

## AFFIRMATIVE DEFENSES

1. The Amended Complaint fails to state a claim and/or cause of action upon which relief can be granted.

2. Defendant denies that Plaintiff is entitled to recover any damages whatsoever.

3. Plaintiff's alleged injuries and damages were proximately caused by act(s) of commission or omission of others over which Defendant exercised no control or right to control.

4. Some or all of Plaintiff's claimed injuries and damages are attributable to the intervening and/or superseding acts of negligence or the wrongdoing of others.

5. Plaintiff's alleged injuries and damages are not casually related to the events alleged in the Amended Complaint.

6. Plaintiff failed to take due and appropriate care in the mitigation of her injuries, and the recovery from Defendant is therefore barred in whole or in part.

7. Some or all of Plaintiff's claims are barred by the contributory negligence and/or assumption.

8. Plaintiff's claims are barred by the doctrine of accord and satisfaction.

9. Plaintiff's claims are barred by the statute of limitations.

10. Any allegation that is not specifically admitted is hereby denied.

11.	Defendant reserves the right to assert other affirmative defenses as may be revealed through discovery or at trial.

WHEREFORE, Defendant, Safeway, Inc., by counsel, respectfully request that this Court dismiss the Amended Complaint filed by the Plaintiff and enter judgment in its favor allowing costs expended on its behalf.

Date,  March 6, 2018

Respectfully submitted,

Safeway, Inc.

/s/ *Matthew H. Johnson*
Justin M. Cuniff, Esq. (#499196)
Matthew H. Johnson, Esq., (#502942)
1233 20th Street, N.W., 8th Floor
Washington, D.C.  20036
Telephone: (202) 712-7000
Facsimile:  (202) 712-7100
jcuniff@bonnerkiernan.com
mjohnson@bonnerkiernan.com
Counsel for Defendant Safeway, Inc.

## **CERTIFICATE OF SERVICE**

      I HEREBY CERTIFY that a copy of the foregoing was served via PACER and first class mail on City Vista Manager, Inc, only, on this 6th, day of March, 2018 upon:

Hughie D. Hunt, Esquire
Kemet Hunt Law Group, Inc.
5000 Sunnyside Avenue, Suite 101
Beltsville, MD 20705
Telephone: (301) 982-0888
Counsel for Plaintiff

Walter S. Boone, III, Esquire
14200 Park Meadow Drive, Suite 310N
Chantilly, VA 20151
Telephone: (571) 287-6560
wsboone@travelers.com
Counsel for Co-Defendant City Vista, LLC

City Vista Manager, Inc.
Serve: CT Corporation System
1015 15th St., NW Suite 1000
Washington, DC 20005
Defendant

                                                                        */s/ Matthew H. Johnson*
                                                                        Matthew H. Johnson