**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| CAROLYN PRESTON, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Case No.: 1:17-cv-01517-TFH |
| | : | |
| CITY VISTA (E&A) LLC, *et al.* | : | |
| | : | |
| Defendants. | : | |

**DEFENDANT CITY VISTA MANAGER, INC.'S**
**STATEMENT OF POINTS AND AUTHORITIES**
**IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT**

Defendant City Vista Manager, Inc. (hereinafter "CVMI"), by and through the undersigned counsel, and pursuant to Fed. R. Civ. P. 56 and LCvR 7, hereby submit this statement of points and authorities in support of its motion for summary judgment, and states as follows:

## I. Introduction

Plaintiff alleges that CVMI is responsible for the sidewalk where the Plaintiff was injured near 5th and K Street, NW and for the maintenance and upkeep of that sidewalk. Amended Complaint, ¶ 7. For purposes of this motion only, that is assumed to be true. These premises were subject to a regimen of regular inspections, including but not limited to a daily inspections by CVMI's Building Engineer, Cornell Smith. SOF[1], ¶¶ 1-5. Carolyn Preston, the Plaintiff in this action, was on April 24, 2016 walking on this sidewalk when she fell "out of the blue." SOF, ¶ 8. In her deposition she could not say that she felt a paver "give way." Id. On the contrary, her only knowledge of why she fell was from an unidentified bystander who helped her up, and said to her that "this is what made you fall", showing her a paver that was loose. SOF, ¶

[1] CVMI's Statement of Undisputed Material Facts in Support of Motion for Summary Judgment will be referenced throughout as "SOF".

9. The bystander did not say anything other than that, and she does not have the vaguest idea who he was. SOF, ¶ 10. Plaintiff testified that she did not have any sense of how much the paver moved, in terms of any measurement of any kind. SOF, ¶ 11. Plaintiff returned to the scene the following day and took pictures of pavers with her cell phone. SOF, ¶ 12. However, she testified regarding the pavers shown in her photographs that "I have no clue which paver it was" that caused her to fall. SOF, ¶ 13. Concerning the pavers in her photographs, she testified that she did not know which one she stepped on. SOF, ¶ 14. Plaintiff testified that with regard to the loose paver that the bystander showed her, she had no way of knowing how long that condition had existed in the sidewalk. SOF, ¶ 15. Plaintiff testified that there was nothing visible to the eye which indicated that there was a defect in the paver – it was necessary to step on the paver to tell it was loose. SOF, ¶¶ 16-17.

CVMI had no prior notice of any unreasonably hazardous condition of the sidewalk pavers at the scene of the incident, nor any report of an unreasonably hazardous condition at that location after the incident. SOF, ¶ 6.

**II. Standard of Review**

Summary judgment is appropriate when the pleadings and the record demonstrate that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A fact is material if it 'might affect the outcome of the suit under the governing law,' and a dispute about a material fact is genuine 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.' " *Steele v. Schafer*, 535 F.3d 689, 692 (D.C. Cir. 2008) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986)). The moving party bears the initial burden of demonstrating the absence of a genuine dispute of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317,

322–23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). To defeat summary judgment, the nonmoving party must "designate specific facts showing there is a genuine issue for trial." *Id.* at 324, 106 S.Ct. 2548 (quotation marks omitted).

The movant can prevail on summary judgment by establishing that "the non-moving party failed to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Naqvi v. Saudi Arabian Airlines, Inc*., 123 F. Supp. 3d 129, 132 (D.D.C. 2016). "While the court must draw all justifiable inferences in the nonmoving party's favor and accept the nonmoving party's evidence as true, the court is not required to accept mere unsupported allegations offered in opposition to the motion for summary judgment." *Raymond v. U.S. Capitol Police Bd*., 157 F. Supp. 2d 50, 59 Fn.6 (D.D.C. 2001). Further, "[t]he mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Anderson*, 477 U.S. at 252.

**III. Summary judgment is appropriate because there is a complete absence of proof on essential elements of plaintiff's proof.**

In order to recover for negligence, the plaintiff must prove by a preponderance of the evidence the existence of a duty, a breach of the duty and causally related damages. *Washington Metropolitan Area Transit Authority v. Barksdale-Showell*, 965 A.2d 16, 25 (D.C. 2009). In order for the mere happening of an accident to be sufficient to give rise to an inference of negligence on the part of the defendant, the plaintiff is required to establish that the event would not ordinarily happen without negligence and the cause of the event was within the defendant's control. *Jones v. Safeway Stores, Inc*., 314 A.2d 459, 461 (D.C. 1974). Plaintiff must demonstrate that her injuries were caused by an unreasonably unsafe condition, and the condition was caused by CVMI or that CVMI had either actual or constructive notice of the condition in

time to have taken precautions against it. *ITT Continental Baking Co. v. Ellison*, 370 A.2d 1353 (D.C. 1977); *Smith v. Safeway Stores, Inc.*, 298 A.2d 214 (D.C. 1972). A plaintiff can show that the defendant "had actual or constructive notice of a dangerous condition that he failed to correct," *Croce v. Hall,* 657 A.2d 307, 310 (D.C.1995), but if "the landowner (or his agent) is responsible for creating the dangerous condition, the plaintiff need not show notice," *id*. at 310, n. 6.

Thus, Plaintiff must show that a reasonable jury could conclude that CVMI was negligent "either in creating a dangerous condition or in allowing one to continue without correction." *Thomas v. Grand Hyatt Hotel*, 749 F.Supp. 313, 314 (D.D.C.1990) (quoting *Paylor v. Safeway Stores, Inc*., 225 A.2d 312, 314 (D.C.1967)) (internal quotation marks omitted).

It is said of the District of Columbia that although the District has a duty to maintain its streets in a reasonably safe condition it is not an insurer of safety of those who utilize its streets and sidewalks. *Rajabi v. Potomac Electric Power Co.*, 650 A.2d 1319, 1322 (D.C. 1994). Indeed, the D.C. Court of Appeals has "judicially recognized what pedestrians living in urban areas know from their own experience; namely, that minor [defects] are not an unusual condition for city sidewalks and are in fact what might be called a very prevalent condition." *Proctor v. District of Columbia*, 273 A.2d 656, 658 (D.C. 1971*). See also Briscoe v. District of Columbia*, 62 A.3d 1275 (D.C. 2013).

When assessing whether the District had constructive notice of a defect in a curbstone, the D.C. Court of Appeals has said that every case of constructive notice "must be determined by its peculiar circumstances." *Id*. The relevant circumstances that a court may consider include such things as the length of time that the defective condition existed, whether the condition was obvious or latent, and the severity or dangerousness of the condition. *Id., citing Lynn v. District*

*of Columbia*, 734 A.2d 168, 170 (D.C. 1999). As stated by the Court in *Briscoe*, it is a matter of common knowledge that it is impossible to maintain a sidewalk in a perfect condition. Minor defects are bound to exist. *Id.*, 62 A.3d at 1275. Thus it has been said, even if the District has notice of an alleged defect, it is entitled to judgment as a matter of law when the alleged defect that caused the plaintiff's injury was insignificant in nature, such as a one-half inch gap between a median strip and a curb, or a brick protruding one-quarter of an inch about the level of the sidewalk. *Id.* *See District of Columbia v. Freeman*, 477 A.2d 713, 718–19 (D.C.1984) ("The existence of prior notice" is not enough, however; a plaintiff must demonstrate that the street is "in fact unreasonably dangerous.").

For purposes of this motion only, it is assumed that CVMI, as the operator of the shared facilities of the City Vista development, had the same duties as the District with regard to maintaining the Streetscape sidewalks, and that the same standards apply to CVMI that would apply to the District. Thus, D.C. Standard Civil Jury Instruction No. 10-5 provides the relevant standards, stating that:

> The Plaintiff in this case charges that . . . [she] slipped and fell as a result of the defendant's . . . negligence in permitting [an unsafe condition (describe)] to exist on the property. However, the owner of property does not have to guarantee the safety of members of the public who are permitted onto the property. The owner only owes a duty to exercise ordinary care to keep the property in a safe condition for use by those members of the public.
>
> To prove that the defendant is liable, the plaintiff must prove that an unsafe condition caused the plaintiff to fall, and either that the defendant [or by one of his or her employees] caused the unsafe condition, or that the defendant [or one of his or her employees] reasonably knew or should have known of the condition and the danger that it posed.
>
> [The plaintiff must prove each element of. . .[her] claim by a preponderance of the evidence.]

In the case at bar, the first element that the Plaintiff must prove is that an unreasonably

unsafe condition caused her to fall. Although she alleged in the Amended Complaint that one of the concrete pavers "gave way", in her deposition testimony the Plaintiff conceded that she fell "out of the blue" and that she cannot say that she felt the paver "give way." SOF, ¶ 8. Her only knowledge of why she fell is that an unidentified bystander helped her up, and said to her that "this is what made you fall", showing her that a paver was loose. SOF, ¶ 9. The bystander did not say anything other than that, and she does not have the vaguest idea who he was. SOF, ¶ 10. From this inadmissible hearsay, there is no reasonable basis to conclude that the bystander actually witnessed the paver causing her to fall, as opposed to simply making that surmise after the fact. Further, Plaintiff testified in her deposition that she did not have any sense as to how much the paver moved, in terms of any measurement of any kind. SOF, ¶ 11.

Plaintiff returned to the scene of the accident the following day, and took photographs with her cellphone camera. SOF, ¶ 12. However, in her deposition she testified regarding the pavers shown in her photographs that "**I have no clue which paver it was**" that caused her to fall. SOF, ¶ 13 (emphasis added). She also had testified that "I don't know which one I stepped on, . . . ." SOF, ¶ 14. There is a complete absence of evidence upon which a reasonable jury could conclude that a certain paver was, in fact, unreasonably hazardous.

In sum, the Plaintiff cannot meet the threshold issue of establishing that the loose paver in the sidewalk constituted an unreasonable hazard, or that it was the proximate cause of her fall. *See Girdler v. U.S.*, 923 F. Supp. 2d 168, 188 (D.D.C. 2013)(citing inter alia *Williams v. District of Columbia*, 646 A.2d 962, 963 (D.C. 1992)(summary judgment for defendant affirmed where plaintiff fell after her heel was caught in one-half inch gap between bricks on median strip)).

Even assuming arguendo that there was an unreasonably unsafe paver which caused her to fall, Plaintiff also cannot prove that CVMI, or one of its employees, either caused the unsafe

condition, or reasonably knew or should have known of the condition and the danger it posed. There is no evidence whatsoever that CVMI either created the unsafe condition, or knew about it. SOF, ¶ 6.

That only leaves the issue of constructive knowledge of an unsafe condition, but there is insufficient evidence to show constructive knowledge. The relevant circumstances that a court may consider include such things as the length of time that the defective condition existed, whether the condition was obvious or latent, and the severity or dangerousness of the condition. Here we have no evidence of the length of time the condition existed. In her deposition, the Plaintiff testified that with regard to the loose paver that the bystander showed her, she had no way of knowing how long that condition had existed in the sidewalk. SOF, ¶ 15. Plaintiff also testified in her deposition that the condition of the paver was not a visible defect – "Nothing visible to the eye, no." SOF, ¶ 16. She also testified that it was necessary to step on the paver to tell that it was loose. SOF, ¶ 17. Thus it is undisputed that this was a latent defect, not an obvious one.

The sidewalk adjacent to the Safeway near 5th Street and K Street, N.W. was subject to a regimen of regular inspections. SOF, ¶ 1. There were **daily** inspections of the premises by the janitorial staff and by the Building Engineer, Cornell Smith. SOF, ¶ 2. There were also regular inspections, at least monthly, by the staff of Summit Management Services, Inc., which was the Property Manager for CVMI. SOF, ¶3. These included inspections by the Community Manager. SOF, ¶ 4. There were general inspections of the premises by security personnel from Securitas who as part of their duties were to report any issues with the property. SOF, ¶ 5. CVMI had no prior notice of any unreasonably hazardous condition of the sidewalk pavers at the scene of the incident described in the Amended Complaint, nor any report of an unreasonably hazardous

condition at that location after the incident. SOF, ¶ 6.

The last factor concerning constructive knowledge is the severity or dangerousness of the condition. As already discussed above, there is a total absence of evidence that a particular paver was unreasonably hazardous. Plaintiff testified that she did not have any sense as to how much the paver moved, in terms of any measurement of any kind. SOF, ¶ 11. CVMI maintains that the stone pavers are so thick and heavy that they almost never have enough movement to be considered a hazard, even when cracked. Ex. 1, Answer No. 20.

**IV. Conclusion**

For all of the foregoing reasons, CVMI should prevail on summary judgment because it has established that the Plaintiff has failed to make a showing sufficient to establish the existence of an elements essential to Plaintiff's case, and on which Plaintiff will bear the burden of proof at trial.

Accordingly, Defendant City Vista Manager, Inc. respectfully requests that this Honorable Court grant its motion for summary judgment, dismiss the Complaint with prejudice, and grant such other relief as the Court deems just.

Dated this 1st day of November 2018.

Respectfully submitted,

JORDAN COYNE LLP

/s/

David B. Stratton #413358
D. Stephenson Schwinn #358825
10509 Judicial Drive, Suite 200
Fairfax, VA 22030
Phone: 703-246-0907
Fax: 703-591-3673
Email: s.schwinn@jocs-law.com
*Counsel for City Vista Manager Inc.*